852 F.Supp. 23 (1994)
STATE OF MISSOURI ex rel. PEMISCOT COUNTY, MISSOURI, Plaintiff,
v.
WESTERN SURETY COMPANY, Defendant/Third Party Plaintiff,
v.
Jack L. DAVIS, Third Party Defendant.
No. 1:92CV 0031 SNL.
United States District Court, E.D. Missouri, Southeastern Division.
May 6, 1994.
Joseph C. Blanton, Jr., Blanton Rice Sidwell & Ottinger, Sikeston, MO, for plaintiff.
Jeffrey S. MaGuire, Thomasson Gilbert Cook Remley & MaGuire, Cape Girardeau, MO, for defendant.
John L. Oliver, Jr., Oliver Oliver & Waltz, Cape Girardeau, MO, for third-party defendant.

MEMORANDUM
LIMBAUGH, District Judge.
This matter is before the Court upon various motions by the parties. On January 26, 1994, this Court entered a Memorandum and Order granting plaintiff's Motion for Summary Judgment with respect to plaintiff's claim for breach of surety bond in the amount of $50,000.00 plus interest at a rate of nine percent (9%) per annum from the date of breach until satisfaction of the judgment. In that Order the Court also granted defendant's Motion for Summary Judgment with respect to plaintiff's claim of vexatious refusal to pay.
Now, defendant moves the Court to reconsider the January 26 Order and moves for summary judgment on the Third Party Complaint. Third party defendant Jack Davis and defendant move to stay or set aside the previous Order in order to certify to the Missouri Supreme Court questions of Missouri law. Alternatively, third party defendant Davis and defendant move the Court to *24 reconsider the January 26 Order. Finally, third party defendant Davis and defendant move to correct the interest rate set forth in the Court's Order.
First, the Court will address the Motion to Correct Interest Rate filed by third party defendant Davis and defendant. The parties correctly point out that although plaintiff is entitled to pre-judgment interest at a rate of nine percent (9%) per annum, plaintiff is entitled to a post-judgment rate as set forth in 28 U.S.C. § 1961. Thus, it is the opinion of this Court that the January 26 Order should be corrected to award plaintiff interest on the judgment at a rate of nine percent (9%) per annum from January 30, 1992 until the date of judgment and then at a rate as allowed under federal law from the date of judgment until satisfaction of said judgment.
Next, the Court will address the Motion to Certify Question of Missouri Law to the Missouri Supreme Court filed by third party defendant Davis and defendant. Both parties argue that the Court should stay or set aside its previous order, pursuant to Mo. Rev.Stat. § 477.004, in order to certify questions of Missouri law to the Missouri Supreme Court, because there is no controlling precedent by any Missouri state court addressing the issues in this matter. The Court disagrees, however. Section 477.004 provides that the Missouri Supreme Court may answer questions of Missouri law certified to it by a United States District Court. Said statute does not require this Court to certify questions of Missouri law upon a motion by the parties. Furthermore, the parties failed to request any such action prior to the Court's ruling upon the Motions for Summary Judgment and defendant even filed its own Motion for Summary Judgment. It is the opinion of this Court, therefore, that the Motions to Certify Question of Missouri law to the Missouri Supreme Court should be denied.
Next, defendant and third party defendant Davis move the Court to reconsider the January 26 Order. Prior to the Order, defendant had moved for summary judgment, arguing that the Court lacked subject matter jurisdiction because plaintiff's claims, in actuality, totalled only $50,000 in that plaintiff's claim for vexatious refusal to pay was not supported by the evidence. The parties, therefore, argue that the Court erred in failing to grant defendant's Motion for Summary Judgment based upon lack of subject matter jurisdiction, which would have thereby made it unnecessary to rule upon plaintiff's Motion for Summary Judgment.
Claims for vexatious refusal to pay are included for purposes of determining the amount in controversy, unless the Court can say to a legal certainty, based upon the pleadings, that plaintiff cannot recover. See Peacock v. Stuyvesant Ins. Co., 332 F.2d 499, 502 (8th Cir.1964); Zunamon v. Brown, 418 F.2d 883, 887 n. 5 (8th Cir.1969) (citation omitted). The Court retained subject matter jurisdiction because, based upon the pleadings, plaintiff provided sufficient allegations concerning its vexatious refusal to pay claim to support including said claim in the determination of the amount in controversy. Although plaintiff's allegations were sufficient to include the claim for vexatious refusal to pay in the determination of the amount in controversy, plaintiff failed to present evidence which would support said claim in order to survive defendant's Motion for Summary Judgment. Thus, it is the opinion of this Court that the Motion for Reconsideration filed by defendant and third party defendant Davis should be denied because the Court properly denied defendant's Motion for Summary Judgment on the issue of subject matter jurisdiction even though the Court found that plaintiff failed to present sufficient evidence to support its claim for vexatious refusal to pay in order to survive defendant's Motion for Summary Judgment.
Finally, defendant moves for Summary Judgment on the Third Party Complaint. In said Third Party Complaint, defendant alleged third party defendant Davis' liability to defendant on the grounds of indemnification if it was held that plaintiff was entitled to recover against defendant. Based upon the Memorandum and Order filed on January 26, 1994, it is the opinion of this Court that defendant's Motion for Summary Judgment on the Third Party Complaint should be granted because there are no genuine issues of material fact and because defendant is entitled to judgment as a matter of law on the Third Party Complaint.

*25 ORDER

In accordance with the Memorandum filed herein this day,
IT IS HEREBY ORDERED that the Motions to Correct Interest Rate filed by third party defendant Davis and defendant are GRANTED. The Order filed in this matter by the Court on January 26, 1994 is hereby amended to award plaintiff interest at a rate of nine percent (9%) per annum from January 30, 1992 until January 26, 1994, the date of judgment, and then interest at a rate as allowed under federal law from the date of judgment until satisfaction of said judgment.
IT IS FURTHER ORDERED that the Motions to Certify Question of Missouri Law to the Missouri Supreme Court filed by third party defendant Davis and defendant are DENIED.
IT IS FURTHER ORDERED that the Motions to Reconsider filed by defendant and third party defendant Davis are DENIED.
IT IS FINALLY ORDERED that the Motion for Summary Judgment on Third Party Complaint filed by defendant is GRANTED. Judgment is hereby entered in favor of defendant and against third party defendant Davis on the merits of the Third Party Complaint.